UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

       Plaintiff,

                                                      Case No. 12-cv-11821
vs.                                                    HON. GEORGE CARAM STEEH

RANDALL H. DENNIS, *et al.,*

       Defendants.
_____/

## ORDER DISMISSING ORDER TO SHOW CAUSE

On April 30, 2012, this court entered an order requiring defendants to show cause why this action should not be remanded to the Wayne County Circuit Court. See Dkt. No. 3. The court's order was based on the fact that the removal of this matter by defendants, who are citizens of the State of Michigan, appeared to contravene 28 U.S.C. § 1441(a), which prohibits the removal of an action if a properly joined and served defendant is a citizen of the state in which the action is brought. See 28 U.S.C. § 1441(a).

In response to the court's order to show cause, defendants argue that the forum defendant rule is a procedural rule, thus removal by a forum defendant is a technical defect that can be waived if the plaintiff does not object to the removal within thirty days. Defendants rely on a nearly one hundred year old case from this circuit, Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, 437 (6th Cir. 1924), for the proposition that the forum defendant rule is procedural rather than jurisdictional. Id. (exercising jurisdiction over appeal from final judgment in a removed action even though the case was "not technically removable under the statute.")

However, this court notes that some district courts in this circuit have relied on a more recent, unpublished decision which suggests that the Sixth Circuit Court of Appeals may no longer maintain the position that the forum defendant rule is procedural. See Thompson v. Karr, 1999 U.S. App. LEXIS 16846, *at 3-4 (6th Cir. July 15, 1999) (exercising jurisdiction over appeal from order granting summary judgment, but raising the forum defendant rule sua sponte "since it relates to our jurisdiction."); see also, Balzer v. Bay Winds Fed. Credit Union, 622 F.Supp.2d 628 (W.D. Mich. 2009) (relying on Thompson v. Karr, supra in part to conclude that forum defendant rule "is not a mere procedural rule" and remanding action); see also, Regions Bank Am. Justice Sch. of Law, Inc., 2009 U.S. Dist. LEXIS 26718 (W.D. Ky. March 30, 2009) ("[T]he court finds that the forum defendant rule is jurisdictional and that it has an obligation to raise the removal defect sua sponte.").

Because Handley-Mack Co. v. Godchaux Sugar Co., supra, has not been overruled in a published opinion, this court declines to rely on the analysis set forth in Balzer or Regions Bank, and declines to remand this matter in the absence of a timely objection by plaintiff.

Accordingly, this court's April 30, 2012 order to show cause is DISMISSED.

SO ORDERED.

Dated: July 24, 2012

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 24, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk