UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff/Counter-Defendant,

vs.

Case No. 12-cv-11821
HON. GEORGE CARAM STEEH

RANDALL H. DENNIS, *et al.,*

    Defendants/Counter-Plaintiffs.

_____/

OPINION AND ORDER GRANTING COUNTER-DEFENDANT
BANK OF AMERICA'S MOTION TO DISMISS (#17)

On August 14, 2012, Bank of America, N.A. ("BANA") filed a motion to dismiss the amended counter-complaint filed by Randall and Phyllis Dennis, asserting claims challenging their mortgage foreclosure. The motion has been fully briefed and oral argument was held. For the reasons that follow, the court GRANTS counter-defendant's motion to dismiss and DISMISSES the amended counter-complaint.

BACKGROUND

This case involves real property located at 52 Crescent Road, Waterford, Michigan 48327. On November 14, 2008, counter-plaintiffs entered into a mortgage loan transaction in which they executed a promissory note in the amount of $189,993.00. As security for the note, counter-plaintiffs granted a mortgage on the property. The mortgage was recorded on December 3, 2008 with the Oakland County Register of Deeds.

On April 13, 2009, the loan was refinanced with Countrywide Bank, FSB. As security for the note, counter-plaintiffs granted a mortgage on the property to Countrywide

-1-

and MERS as nominee for the lender Countrywide. This mortgage was recorded on April 23, 2009 with the Oakland County Register of Deeds. As a result, the 2008 mortgage was discharged.

The 2009 mortgage was assigned by MERS to Bank of America, N.A. ("BANA") pursuant to an assignment of mortgage dated April 30, 2010 and recorded May 5, 2010.

Counter-plaintiffs defaulted on their obligations under the note and mortgage. BANA then foreclosed by advertisement. As a result, the property was sold at a Sheriff's Sale on October 5, 2010. At the Sheriff's Sale, BAC Home Loans Servicing purchased the property for $197,325.69. The statutory redemption period expired on April 5, 2011.

BANA initiated eviction proceedings. On April 17, 2012, counter-plaintiffs filed a counter-complaint in the pending summary eviction proceedings. The case was removed to this court. On July 31, 2012, counter-plaintiffs filed an amended counter-complaint asserting that the foreclosure was wrongful and seeking an order setting aside the Sheriff's Sale. Counter-plaintiffs also allege that BANA fraudulently induced them to enter into the 2009 mortgage obligation, which they frame as a breach of contract claim. Counter-defendants filed a motion to dismiss arguing counter-plaintiffs lack standing the challenge the Sheriff's Sale and fail to state a claim.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although

the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." Id. at 336.

ANALYSIS

In its motion, counter-defendant first argues counter-plaintiffs lack standing to assert an interest in the property. In Michigan, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942). The former owner therefore lacks the right to assert claims with respect to the property. Overton v. Mortgage Electronic Registration Systems, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009).

In Overton, the Michigan Court of Appeals affirmed a grant of summary disposition in favor of a party who purchased a foreclosed parcel of property at a Sheriff's Sale. 2009 WL 1507342, at *1. In that case, the defendants argued that the plaintiff lacked standing to assert that defendants committed fraud in connection with the foreclosure because the plaintiff no longer had any interest in the property once the redemption period expired. The Court of Appeals found:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187; 4 NW2d 514 (1942); MCL 600.3236.

Id.; see also Mission of Love v. Evangelist Hutchinson Ministries, Docket No. 266219, 2007 WL 1094424, at *6 (Mich. App. April 12, 2007) (finding "after the redemption period expired, plaintiff lacked standing to assert a claim to the property").

Michigan law grants a mortgagor of residential property a statutory redemption period of six months. M.C.L. § 600.3240(8). When the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236. In this case, the Sheriff's Sale occurred on October 5, 2010 and the redemption period expired on April 5, 2011. At that time, counter-plaintiffs' rights in the property were extinguished. In order to avoid dismissal, counter-plaintiffs must come within the "clear showing of fraud, or irregularity" exception noted in Overton.

Counter-plaintiffs argue that they have asserted fraud or irregularity in the foreclosure process. They assert: (1) BANA fraudulently induced counter-plaintiffs to refinance their mortgage in 2009; (2) BANA did not follow the HUD servicing guidelines and loan modification statute; (3) BANA's bid at the time of the foreclosure sale was in bad faith because it was a full bid and not based on the value of the property; and (4) BANA does not have the right to foreclose because it has not shown it is the holder of the note.

First, counter-plaintiffs assert they were fraudulently induced to refinance their mortgage in 2009. Because this claim is not a claim of fraud *in relation to the foreclosure process*, and the redemption period has expired, the claim fails. While counter-plaintiffs also generally claim they were misled into defaulting on the loan, they do not explain *how* counter-defendants misled them or what counter-defendants actually did, much less establish a "clear showing of fraud" sufficient to justify an extension of the redemption period.[1]

Second, counter-plaintiffs assert BANA did not follow the HUD servicing guidelines. Counter-plaintiffs allege counter-defendant did not engage in loss mitigation in a timely fashion as required by 24 C.F.R. § 203.605(a) and did not have a face-to-face meeting with counter-plaintiffs before three full monthly installments were unpaid as required by 24 C.F.R. § 203.604(b). Counter-plaintiffs also allege counter-defendant did not accept partial payment as required by 24 C.F.R. § 203.556(b). Counter-defendants argue there is no

---

[1]This claim appears to be a claim that BANA violated the Truth in Lending Act. Because actions for violation of TILA must be brought within one year from the date of occurrence of the violation, 15 U.S.C. § 1640(e), the claim is time-barred. The claim might also be barred by the statute of frauds as it appears to be based on an oral representation.

private cause of action under these regulations. See Baumgartner v. Wells Fargo Bank, N.A., No. 11-11821, 2012 WL 2223154, *4 ( E.D. Mich. June 15, 2012) (dismissing similar claim); Federal Nat. Mortg. Ass'n v. LeCrone, 868 F.2d 190, 193 (6th Cir. 1989) (noting that "no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies.")  Counter-plaintiffs fail to cite case law to the contrary.  In fact, they appear to acknowledge that there is no private cause of action because they claim the alleged HUD violations constitute an "affirmative defense" to foreclosure.

Counter-plaintiffs allege counter-defendant commenced foreclosure proceedings while counter-plaintiffs were pursuing loan modification discussions in violation of MCL 600.3205a(1)(e).  However, counter-plaintiffs also acknowledge in the counter-complaint on three separate occasions that counter-plaintiffs had been "turned down" for a loan modification.  The affidavit of MCL 600.3205 notice attached to the Sheriff's Deed confirms this, stating that no agreement could be reached because counter-plaintiffs are not eligible for a loan modification.

In Goryoka v. Quicken Loan, Inc., 2013 WL 1104991, *2 (6th Cir. March 18, 2013), the Sixth Circuit affirmed the district court's dismissal of a claim that the parties were discussing loan modification and that defendant initiated foreclosure without giving the required notices.  Id.  The Sixth Circuit found the plaintiff's "allegations of modification discussions were insufficient to avoid the foreclosure."  Id.  The Sixth Circuit noted the affidavits regarding notice attached to the Sheriff's Deed before finding that plaintiff's "conclusory statements alleging a defective notice are insufficient to state a claim for relief." Id.  The Sixth Circuit also recognized the Michigan Supreme Court's decision in Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98, 115 (2012), that foreclosure defects are

"voidable, not void *ab initio*". Id. The same analysis applies here. Counter-plaintiffs fail to establish a violation of the foreclosure statute or HUD regulations sufficient to avoid the foreclosure.

Third, counter-plaintiffs argue counter-defendant overbid at the Sheriff's Sale. Counter-plaintiffs assert that the house is "worth less than $80,000 today" and that counter-defendant bid the full debt amount of $197,325.97. In their counter-complaint, counter-plaintiffs allege the property "is worth less than 50% of the current debt." Counter-plaintiffs assert the alleged overbidding was in bad faith in violation of the statute. MCL 600.3228 provides:

> The Mortgagee, his assigns, or his or their legal representatives, may, fairly and in good faith, purchase the premises so advertised, or any part thereof, at such sale.

Counter-plaintiffs argue the bid lacked any "good faith" because it was made to trigger the payment of insurance proceeds to make BANA whole, not to promote home ownership. However, in Pulleyblank v. Cape, 179 Mich. App. 690, 695 (1989), the court held that credit bids higher than the actual value of the property are allowed even when the bid "effectively precluded the mortgagors from exercising their equity of redemption." In Long v. Federal Home Loan Mortg. Corp., No. 297438, 2011 WL 2585984, *2 (Mich. App. June 30, 2011), the Michigan Court of Appeals rejected the plaintiff's objection to a credit bid that was higher than what he claimed was the actual value of the home. The court noted that "MCL 600.3280 provides a defense to a mortgagor when property is sold for less than its true value; it is not applicable to sales of property for more than the true value." Id. The court further explained that "plaintiff is not entitled to any relief because he was unable to redeem his home based on the amount of the credit bid." Id. The court noted that it "implicitly

found no error in this practice" in an earlier opinion. Id. The court also rejected the plaintiff's argument that a high bid is contrary to the purpose and intent of Michigan's foreclosure by advertisement statutes. Id. at *3. While counter-plaintiffs argue this case law is inapplicable, and claim this is an issue of first impression, they fail to provide the court with authority suggesting MCL 600.3228 provides counter-plaintiffs with a claim under the facts presented here. The court declines to read one into the statute. If the statute was intended to require a fair market value bid, as counter-plaintiffs assert, it could have expressly provided so. As the Michigan Court of Appeals has "implicitly found no error" in overbidding, counter-plaintiffs fail to make a "clear showing of fraud, or irregularity" sufficient to satisfy Overton.

Fourth, counter-plaintiffs claim BANA does not have the right to foreclose because it has not shown it is the holder of the note. Under MCL 600.3204, counter-defendant, as the mortgagee and loan servicer, had a contractual right to foreclose if the borrower is in default. See Residential Funding Co. v. Saurman, 490 Mich. 909, 910 (2011). Counter-plaintiffs' argument to the contrary fails. Moreover, BANA has made no attempt to collect under the note.

Finally, counter-defendants argue the breach of contract claim should be dismissed for failure to state a claim. To state a claim for breach of contract, a plaintiff must plead: (1) a contract between the parties; (2) a breach of the contract by the defendant; and (3) damages resulting from defendant's breach to the plaintiff. Webster v. Edward D. Jones & Co., 197 F.3d 815, 819 (6th Cir. 1999). Counter-plaintiffs fail to defend their breach of contract claim and thus implicitly acknowledge it fails.

CONCLUSION

For the reasons set forth above, counter-defendant's motion to dismiss is GRANTED and the amended counter-complaint is DISMISSED.

Dated:  March 25, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 25, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk